### Anthony Neal *et al. v.* W. C. Maxwell.

1. Probate Court: jurisdiction: executors and administrators: right to proceed against distributees on refunding bond: case in judgment.—M., the administrator of R., in 1863, distributed the assets of the estate, amounting to $3,536, to the distributees, and took from them their refunding bond, conditioned to refund to him such sums as might be required to pay any debt that might come against the estate. The administrator retained in his hands the sum of $2,300 in Confederate money, for the purpose of paying a debt due one Healy from the estate. The administrator filed his bill in chancery, alleging the foregoing facts, and that the Confederate money had become worthless, and the debt of Healy had come against the estate, and that he had no funds to pay it; and asked for a decree against the distributees to refund to him the amount of the debt due Healy. Held—That the Probate Court had exclusive jurisdiction to determine whether or not the administrator was chargeable with the Confederate money; and, until he was discharged on account of the Confederate money by the Court of Probates, he could not sue the distributees, either at law or in equity.

Appeal from the Chancery Court of Panola county. Hon. Alexander M. Clayton, judge.

*James R. Chalmers*, for appellants, contended,

1. That the bill was for the settlement of an administrator's account, and of such matters the Probate Court has exclusive jurisdiction.    2 How. Miss. 856; 3 Ib. 252; 7 Ib. 314; 6 S. & M. 194; 24 Miss. R. 87.

2. That there must be a settlement of the administration account in the Probate Court, before the relative rights of the parties can be ascertained.    *Ratliff* v. *Davis*, 38 Miss. R. 112; *Searles* v. *Scott*, 14 S. & M. 94; *Neylan* v. *Burg*, 14 Ib. 204.

*C. Miller & Son*, for appellee.
No brief on file.

HANDY, C. J., delivered the opinion of the court.

The bill in this case states in substance that the complainant— the appellee here—was appointed administrator *de bonis non* of the estate of one James M. Rowzie, and in January, 1863, at the solicitation of the appellants, who were the distributees of the estate, he distributed to them the assets of the estate, amounting to $3,536, and took from them refunding bonds, conditioned to refund to him such sum as might be required to pay any debts that might afterwards come against the estate, which arrangement was made privately between him and the distributees, without any order of the Probate Court. But he retained in his hands $2,300 of Confederate money for the purpose of paying a debt due one Healy from the estate; which was done by the consent of the distributees. This sum of money was collected by the administrator in payment of a note due the deceased in his lifetime for the sale of a tract of land, and the Confederate money was received when it was the common currency of the country, and was believed to be good, and with the consent of the distributees. The debt of Healy has now come against the estate, and the administrator has no funds to pay it, the said Confederate money being of no value; and the bill prays a decree against the distributees for the *pro rata* share of each of them to be refunded to the complainant.

The defendants demurred to the bill on the ground that no final settlement had been made by the complainant in the Pro-

bate Court, and that that court has full jurisdiction of the matter set up in the bill. This demurrer was overruled, and the defendants have taken this appeal.

We think the demurrer was well taken.

The right of the complainant to call on the distributees to refund the money received by them of the assets of the estate, depended primarily on the question, whether he was chargeable with the amount of the money received by him in Confederate money. If he was so chargeable, it is clear that he had no right to call on the distributees to refund the money they had received, when he had retained in his hands assets of the estate for which he received Confederate money, and which, if collected in good funds, would have been sufficient to pay the debt which was outstanding against the estate. The bill in this case, therefore, in substance, asks the aid of a court of equity to allow him credit for this sum of Confederate money ; and to compel the distributees to refund, of the assets distributed to them, an amount sufficient to pay the outstanding debt.

The question whether he was chargeable or not, was one peculiarly appropriate to the Court of Probates, and which a court of equity has no jurisdiction to determine. When the administrator settles that question in the Court of Probates, and it is there determined that he is entitled to credit, to the amount of the Confederate money received by him, it will be time enough for him to proceed against the distributees ; which, for aught that appears in this bill, he may do in the Court of Probates, or at, law on the refunding bonds. But it is very clear that he is entitled to no remedy in any court, against the distributees, until he shall have been discharged, on account of the Confederate money, in the Court of Probates.

The decree must, therefore, be reversed, the demurrer sustained, and the bill dismissed.